UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDRE DUHREAL FLAGG-EL, <br> AIS No. 310705, <br><br> Plaintiff, <br><br> v. <br><br> THE HOUSTON COUNTY SHERIFF'S <br> DEPT. and JAIL, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 1:22-CV-272-WHA-CSC <br> ) <br> ) <br> ) <br> ) <br> ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.    INTRODUCTION**

*Pro se* Plaintiff Andre Flagg-El filed this Complaint on a form used by inmates for filing 42 U.S.C. § 1983 actions. The Complaint alleges that 8 named defendants at the Houston County Jail in Dothan, Alabama, subjected him to cruel and unusual punishment by imposing excessive fees for dental and medical co-pays, medication, and copies of case law, by engaging in vertical price fixing of commissary items, phone rates, and video visit rates, and by denying him food and clothing packages, access to inside and outside recreation, radios, Ipads, newspapers, books, and magazines. Doc. 1 at 2–3. Defendants are sued in their individual and official capacities for injunctive and declaratory relief. *Id.* at 4. Plaintiff requests trial by jury. *Id.*

After review of the Complaint, the undersigned RECOMMENDS this case be DISMISSED, as set forth below.

## II.     DISCUSSION

Plaintiff is incarcerated at the Donaldson Correctional Facility in Bessemer, Alabama. He brings this § 1983 action claiming Defendants subjected him to cruel and unusual punishment by imposing either excessive fees or engaging in vertical price fixing for various goods, services, and other commodities available at the jail which are not comparable to the fees and rates charged at other detention facilities. As Plaintiff is no longer confined at the Houston County Jail, and based on the specific relief sought, the undersigned concludes Plaintiff's complaint is due to be dismissed as moot.

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). Where the only relief requested is injunctive, it is possible for events subsequent to filing the complaint to make the matter moot. *Nat'l Black Police Ass'n v. D.C.*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz*, 554 F.2d 22, 23 (2d Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("[N]o justiciable controversy is presented . . . when the question sought to be adjudicated has been mooted by developments" subsequent to filing of the complaint.). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." U.S. Const. art. III, 2.  Federal courts may not rule upon questions

hypothetical in nature or which do not affect the rights of the parties. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation." *Tucker v. Phyfer*, 819 F.2d 1030, 1034 (11th Cir. 1987). Because mootness is jurisdictional, dismissal is required when an action is moot, as a decision in a moot action would be an impermissible advisory opinion. *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

"The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007), *abrogated by Sossamon v. Texas*, 563 U.S. 277 (2011)); *see also Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (concluding that inmate's release from prison mooted claim for declaratory and injunctive relief). "The reason for this rule is that injunctive relief is 'a prospective remedy, intended to prevent future injuries,' ... and, as a result, once the prisoner has been released, the court lacks the ability to grant injunctive relief and correct the conditions of which the prisoner complained." *Smith*, 502 F.3d at 1267 (internal citation omitted, otherwise citing to *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam) (holding that a prisoner's past exposure to sub-par conditions in a prison "does not constitute a present case or controversy involving injunctive relief")); *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997) (explaining that "[e]quitable relief is a prospective remedy, intended to prevent future injuries."), For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id.*; *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994)

3

(citation omitted) (observing that "[l]ogically, 'a prospective remedy will provide no relief for an injury that is, and likely will remain, entirely in the past.'"). In the context of a § 1983 action filed by a prisoner, such as this, a prayer for declaratory or injunctive relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose. *See, e.g., Wahl*, 773 F.2d at 1173 (holding that "an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").

Here, the only relief sought by Plaintiff is declaratory and injunctive relief. It is undisputed that Plaintiff is no longer incarcerated at the Houston County Jail where the allegedly unconstitutional conduct about which he complains occurred. He therefore is not subject to the conditions about which he complains in this lawsuit. There is no indication Plaintiff will be returned to the Houston County Jail much less be returned in the immediate future. "'Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury.'" *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (quoting *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984). Absent is any showing of a "continuing, present injury or real and immediate threat of repeated injury" to Plaintiff. *See Id*. (finding that a transfer of the plaintiff back to the county jail if he was again incarcerated at a minimum security facility and charged with a disciplinary infraction was too speculative to satisfy the required injury element).

For these reasons, the Court finds Plaintiff's Complaint is moot. Because there is no present case or controversy to support the Court's jurisdiction over Plaintiff's claims

against the named defendants, the Complaint is due to be dismissed without prejudice for lack of jurisdiction.

### III.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's Complaint be DISMISSED without prejudice for lack of jurisdiction.

It is ORDERED that by **October 25, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981)).

Done, this 11th day of October 2022.

                                            /s/   Charles S. Coody
                                            CHARLES S. COODY
                                            UNITED STATES MAGISTRATE JUDGE